UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| SELENA M. ALBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-249 |
| | ) | |
| RECOVERY PLACE, INC., | ) | |
| LESLIE BACKUS, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

Using a "Title VII" form complaint, *pro se* plaintiff Selena M. Albright sues "Recovery Place, Inc."[1] and its alleged owner, Leslie Backus. Doc. 1. Backus and Recovery Place's manager, she complains, "put me on medical leave without doctor's orders, but while on 'their' medical leave I was terminated. They sent me a letter in the mail while I was out on medical leave telling me that I was fired, and once I called them to find out why they said I had to talk to Leslie Backus." Doc. 2 at

---

[1] She captioned it as "Recovery Place" but the Court has located this online: http://recoveryplace.org/ ("Recovery Place, Inc. is a CARF accredited substance abuse and behavioral health treatment provider located in Savannah, Georgia."). Accordingly, the Court has changed the caption to reflect this defendant's full name. The Clerk is **DIRECTED** to correct the docket caption, and all subsequent filings shall conform.

3-4. Evidently, Albright did not talk to Backus -- the foregoing constitutes the totality of her factual pleadings. For damages she seeks "back pay, for pain and suffering, stress. . . ." *Id.* at 4; *see also* doc. 2 ("Because the company terminated me while on sick-leave. The[y] are very unfair, and none at all compassionate about the employees.").

Albright also moves for leave to proceed *in forma pauperis* ("IFP"). Doc. 1. Finding her indigent, the Court **GRANTS** that motion (doc. 1) but her case must be dismissed because it fails to survive screening under 28 U.S.C. 1915(e)(2)(B)(ii), which requires the Court to dismiss at the outset those complaints that fail to state a claim for relief. It is the Court's best guess that Albright is trying to raise a claim[2] under The

---

[2] Pleading stage claims are analyzed under Fed. R. Civ. P. 8 & 12:

> Rule 8 requires that federal courts give pleadings a liberal reading in the face of a [Rule] 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. *See, e.g., Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), *or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

Americans with Disabilities Act (42 U.S.C. §§ 12101, *et seq.*).³ That "prohibits certain employers from discriminating on the basis of disability. *See* 42 U.S.C. §§ 12111-12117." *Lowe v. Hamilton Cnty. Dep't of Job & Family Servs.*, 610 F.3d 321, 325 (6th Cir. 2010). But she pleads *none* of the ADA elements, *see supra* n. 3, which means her case is dead on arrival. *See, e.g., Marsh v. Ga. Dep't of Behavioral & Health Developmental Disabilities*, 2011 WL 806423 at *1 (S.D. Ga. Feb. 14, 2011) ("[P]laintiff must plead more than threadbare recitals, legal conclusions

---

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)(emphasis added); *Butler v. Broward County Cent. Examining Bd.*, 367 F. App'x 992-93 (11th Cir. 2010). Formulaic recitations of a claim's elements will not suffice; every complaint must contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *Grissett v. H.J. Baker Bros.*, 2015 WL 5734452 at * 1 (S.D. Ala. Sept. 30, 2015).

³ Under Title I of the ADA:

> "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to ... employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2009). In order to establish a prima facie case of employment discrimination under the ADA, a plaintiff must show that: (1) she has a disability; (2) she is a qualified individual; and (3) the employer discriminated against her because of her disability. *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (interpreting prior version of Act).

*Keeler v. Florida Dept. of Health*, 324 F. App'x 850, 856 (11th Cir. 2009) (footnote omitted); *accord, Jest v. Archbold Med. Ctr., Inc.*, 561 F. App'x 887, 889 (11th Cir. 2014).

3

and the mere possibility of misconduct. . . . [I]t is not sufficient to simply cite to various health problems and an adverse employment result."), quoted in *Brown v. Mobile Cnty. Comm'rs*, 2015 WL 1444965 at * 6 (S.D. Ala. Mar. 31, 2015).

Like many *pro se* plaintiffs, Albright evidently believes that merely being discharged for a reason she doesn't like somehow supports an employment discrimination claim. But as the Eleventh Circuit has

> "repeatedly and emphatically held," employers "may terminate an employee for a good or bad reason without violating federal law." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (citing *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)). Title VII does not allow federal courts to second-guess nondiscriminatory business judgments, nor does it replace employers' notions about fair dealing in the workplace with that of judges. We are not a "super-personnel department" assessing the prudence of routine employment decisions, "no matter how medieval," "high-handed," or "mistaken." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (quotation marks, citations, and alterations omitted). Put frankly, employers are free to fire their employees for "a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984).

*Flowers v. Troup Cnty., Ga., Sch. Dist.*, ___ F. 3d ___, 2015 WL 6081186 at * 8 (11th Cir. Oct. 16, 2015); *see also Jest*, 561 F. App'x at 889 (applying same doctrine to an ADA case); *Robinson v. Hoover Enters., Inc.*, 2004 WL

4

2792057 at * 9 (N.D. Ga. Oct. 20, 2004) (same).

Albright's complaint is also defective in another respect. She named an individual defendant (Backus), but employment discrimination suits are only permitted against an employer, not against a supervisor in her individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."), cited in *Pouyeh v. UAB Dept. of Ophthalmology*, 2015 WL 5125656 at *3 (11th Cir. Sept. 2, 2015). Defendant Backus therefore would be dismissed even if this case survived screening.[4]

Since Albright has failed to state a claim for relief, this case should be **DISMISSED**, though she is free to move for leave to amend (if in good faith she truthfully can allege a claim) within the 14-day Objection period set forth in Fed. R. Civ. P. 72(b)(2).

**SO REPORTED AND RECOMMENDED**, this  27th  day of October, 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] Even were Backus the sole or a part owner of "Recovery Place, Inc.," Albright is suing the employer corporate entity, not any individual shareholder.

5